UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-CR-20085-MOORE

UNITED STATES OF AMERICA

v.

ANA CARIDAD LINARES,

Defendant.

_____/

## FACTUAL PROFFER

The United States of America and Defendant Ana Caridad Linares **(LINARES)** agree that, had this case gone to trial, the United States would have proven the following facts beyond a reasonable doubt:

### *The Defendant*

1.      The defendant **LINARES** is not an attorney and does not work for an attorney. **LINARES** has never been employed by the U.S. Government, specifically the Department of Homeland Security (the Department).  The defendant has never qualified as government counsel or as an officer enumerated in 8 CFR 239.1(a).

### *Entities and Background*

2.      The Department places aliens into removal proceedings under INA 240 (8 U.S.C. § 1230) upon the filing of a Notice to Appear (NTA) with the Executive Office of Immigration Review (EOIR). EOIR is a component of the United States Department of Justice. Immigration cases are adjudicated within EOIR, in Immigration Courts, by Immigration Judges. An alien, formally known as a "respondent" in removal proceedings, can choose to be represented or can represent themselves in immigration proceedings.

1

3.     At the probative times of this offense, the Department was represented in immigration proceedings before EOIR by the Office of the Principal Legal Advisor (OPLA), by and through Chief Counsels and their Deputies and Assistants.[1]

4.     Under the prior administration, OPLA exercised prosecutorial discretion and, at times, moved to dismiss cases that were determined not to be an enforcement priority. The document utilized by the Department was a Motion to Dismiss Without Prejudice, filed by an OPLA attorney. This is the mechanism authorized by 8 C.F.R. § 1239.2(c), which provides, in pertinent part, "[a]fter commencement of proceedings pursuant to 8 CFR 1003.14, government counsel or an officer enumerated in 8 CFR 239.1(a) may move for dismissal of the matter on the grounds set out under 8 CFR 239.2(a). Dismissal of the matter shall be without prejudice to the alien or the Department of Homeland Security."

### *Criminal Conduct*

5.     On January 26, 2024, **LINARES** knowingly caused to be submitted to EOIR a document entitled: "Department of Homeland Security Motion to Dismiss Without Prejudice" in immigration proceedings for an individual with the initials "R.N.C." **LINARES** represented herself to be an employee of the Department, claimed to be "Ana Linares, Legal Administrative Specialist, U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security."

6.     R.N.C. indicated he paid **LINARES** to prepare his asylum application for a $150 fee. At the time the Motion to Dismiss was filed, R.N.C. did not have any immigration status and was in removal proceedings for being inadmissible to the United States.

7.     The Motion to Dismiss averred: "[t]he Department of Homeland Security (Department) moves to dismiss removal proceedings, without prejudice, in the exercise of its sole and unreviewable prosecutorial discretion." The Motion to Dismiss was denied by an Immigration

---

[1] Recently, the nomenclature has changed to Regional Counsels, Deputy Regional Counsel, Associate Regional Counsel and Counsel.

Judge on or about February 7, 2024. At the hearing, the immigration Judge indicated to R.N.C. that he was being represented by an imposter, impersonating a government employee. R.N.C. contacted **LINARES** to advise what had happened to him in Immigration Court, at which time **LINARES** advised R.N.C. that he needed to hire an attorney.

8. Notwithstanding, on April 5, 2024, April 10, 2024, and May 1, 2024, **LINARES** knowingly caused to be submitted three more identical motions to the Immigration Court, using the same title and same verbiage, representing herself to be an employee of the Department acting under the authority of the United States. **LINARES** once again on these occasions titled the motions to appear as though these were the Department's own motions. **LINARES** was also paid by her clients to file these motions.

9. By pretending to be the Department personnel, **LINARES** filed Department motions to dismiss, which requested the immigration court to dismiss cases. This is a power of prosecutorial discretion, only held by Department attorneys who were able to dismiss cases that were determined not to be an enforcement priority. In so filing, **LINARES** set out to cause, or caused, immigration cases to be unlawfully dismissed.

10. By these actions, LINARES falsely assumed or pretended to be an officer or employee of the acting under the authority of the United States or any Department, agency or officer thereof and acted as such.

11. When questioned by law enforcement about the existence of these motions, **LINARES** knowingly feigned to law enforcement that she had no recollection of any of the aforementioned motions, of which physical copies of said motions were later found in her possession in an accordion folder located in a filing cabinet in her office.

12. The information contained in this proffer is not a complete recitation of the facts and circumstances of this case, but the parties agree it is sufficient to prove Count 1, False

3

Impersonation of a Federal Officer, in violation of Title 18, United States Code, Section 912, as set forth in the Indictment, beyond a reasonable doubt.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 6/2/26          By: _____

MELISSA ROCA SHAW
SPECIAL ASSISTANT UNITED STATES ATTORNEY

Date: 6/2/26          By: _____

ANA CARIDAD LINARES
DEFENDANT

Date: 6/2/26          By: _____

MICHAEL MILER
ATTORNEY FOR DEFENDANT

4